IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

DAVID AARON ROMINE,  :
:
      Plaintiff,  :
vs.  :  CASE NO. 3:17-cv-175-CDL
:
OFFICER CLINT DIEBALL,  :
:
      Defendant.  :
_____

## ORDER

Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") on appeal (ECF No. 58) from the Court's December 7, 2018, Judgment (ECF No. 56) in Defendant's favor. For the reasons explained below, Plaintiff's motion is **DENIED**.

## DISCUSSION

A court may authorize a litigant to proceed without prepayment of fees so long as they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (explaining that 28 U.S.C. § 1915(a)(1) "applies to all persons requesting leave to proceed IFP"). However, "[t]here is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (per

curiam);[1] *see also, e.g., Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972) ("This privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them.").

Federal Rule of Appellate Procedure 24 requires a party wishing to appeal IFP to file a motion in the district court and attach an affidavit that shows "the party's inability to pay . . . for fees and costs[.]" Fed. R. App. P. 24(a)(1)(A). Rule 24 further provides that "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court . . . certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis[.]" Fed. R. App. P. 24(a)(3)(A).

A district court has wide discretion in determining whether to grant an applicant's motion to proceed IFP. In exercising this discretion, it must determine "whether the statements in the affidavit satisfy the requirement of poverty." *Martinez*, 364 F.3d

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

at 1307 (internal quotation marks and citation omitted). While an applicant for IFP status need not show that he is "absolutely destitute," he must sufficiently establish that he "is unable to pay for the court fees and costs, and [is unable] to support and provide necessities for himself and his dependents." *Id.* (citations omitted).

The Court finds that Plaintiff is able to pay the fees and costs of an appeal and, therefore, is not entitled to proceed IFP. Plaintiff states that over the past twelve months he has had an average monthly income of about $10,500 between employment and public assistance. Mot. to Proceed IFP 2., ECF No. 58. He expects his monthly income to be about $4,400 next month. *Id*. Thus, even if only considering the lesser expected income of next month, Plaintiff's expected yearly income would be $52,000. *Id*.

Plaintiff's income significantly exceeds the 2018 Poverty Guideline of $12,140 for a one-person household.[2] *See* 2018 HHS Poverty Guidelines, 83 Fed. Reg. 2642, 2643 (Jan. 18, 2018)[3]; *see also Martinez*, 364 F.3d at 1307 n.7 (referring to poverty levels). Consequently, Plaintiff's motion to proceed IFP is denied.

---

[2] Plaintiff does not list any spouses or dependents in his motion's supporting affidavit. Mot. to Proceed IFP 3.

[3] Guidelines for 2019 have not been published as of this Order's date.

## CONCLUSION

Because the Court finds that Plaintiff has not established that he is unable to pay the fees and costs for an appeal, his motion to proceed IFP on appeal is **DENIED**. If Plaintiff wishes to proceed with this appeal, he must pay the entire $505.00 appellate filing fee within fourteen (14) days. Any further requests to proceed IFP on appeal should be directed, on motion, to the United States Court of Appeals for the Eleventh Circuit, in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED, this 3rd **day** of **January**, 2019.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA